**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DOMINIQUE BUCKERIDGE,** | ) | |
| | ) | |
|   **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 3:20-CV-0856-JTA** |
| | ) | |
| **TUSKEGEE UNIVERSITY,** | ) | |
| **THOMPSON FACILITIES SERVICES,** | ) | |
| **LLC,** | ) | |
| | ) | |
|   **Defendants.** | ) | |
| | ) | |

---

| | |
|---|---|
| **TUSKEGEE UNIVERSITY,** | ) |
| | ) |
|   **Defendant/Cross-Claim Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THOMPSON FACILITIES SERVICES,** | ) |
| **LLC,** | ) |
| | ) |
|   **Defendant/Cross Claim Defendant.** | ) |

## ANSWER AND CROSS-CLAIM

COMES NOW, Defendant Tuskegee University, (Tuskegee) by and through its undersigned counsel and for answer to Plaintiffs' complaint, Tuskegee submits the following:

1. Tuskegee is without sufficient knowledge to admit or deny the allegations contained in paragraph 1 and hereby denies the allegations, and demand strict proof thereof.

2. Tuskegee admits the allegations contained in paragraph 2.

3.      Tuskegee is without sufficient knowledge to admit or deny the allegations contained in paragraph 3 and hereby denies the allegations, and demand strict proof thereof.

4.      Tuskegee denies the allegations contained in paragraph 4 and demands strict proof thereof.

5.      Tuskegee denies the allegations contained in paragraph 5 and demands strict proof thereof.

**STATEMENT OF FACTS**

6.      Tuskegee admits that Plaintiff Buckeridge was a student resident at Tuskegee University during the fall of 2018.

7.      Tuskegee denies the allegations contained in paragraph 7, and demands strict proof thereof.

8.      Tuskegee denies the allegations contained in paragraph 8, and demands strict proof thereof.

9.      Tuskegee denies the allegations contained in paragraph 9, and demands strict proof thereof.

10.     Tuskegee denies the allegations contained in paragraph 10, and demands strict proof thereof.

11.     Tuskegee denies the allegations contained in paragraph 11, and demands strict proof thereof.

12.     Tuskegee denies the allegations contained in paragraph 12, and demands strict proof thereof.

13.     Tuskegee denies the allegations contained in paragraph 13 and demands strict proof thereof.

14.     Tuskegee denies the allegations contained in paragraph 14 and demands strict proof thereof.

15.     Tuskegee denies the allegations contained in paragraph 15 and demands strict proof thereof.

16.     Tuskegee admits the allegations contained in paragraph 16.

17.     Tuskegee admits the allegations contained in paragraph 17.

18.     Tuskegee admits the allegations contained in paragraph 18.

19.     Tuskegee admits the allegations contained in paragraph 19.

20.     Tuskegee admits the allegations contained in paragraph 20.

21.     Tuskegee admits the allegations contained in paragraph 21.

22.     Tuskegee admits the allegations contained in paragraph 22.

23.     Tuskegee admits the allegations contained in paragraph 23.

24.     Tuskegee admits the allegations contained in paragraph 24.

25.     Tuskegee admits the allegations contained in paragraph 25.

26.     Tuskegee admits the allegations contained in paragraph 26.

27.     Tuskegee denies that the contract excludes, from the scope of services, removal or mitigation of mold and mildew.   Tuskegee admits that if the contract excludes mold removal, or mitigation, Thompson Facilities Services waived such terms by their conduct.

28.     Tuskegee admits the allegations contained in paragraph 28.

29.     Tuskegee admits the allegations contained in paragraph 29.

30.     Tuskegee admits the allegation contained in paragraph 30.

31.     Tuskegee denies the allegations contained in paragraph 31, and demands strict proof thereof.

32.     Tuskegee denies the allegations contained in paragraph 32, and demands strict proof thereof.

33.     Tuskegee denies the allegations contained in paragraph 33, and demands strict proof thereof.

**COUNT I**
**Fraud §6-5-101**

34.     Tuskegee denies the allegations contained in paragraph 34, and demands strict proof thereof.

35.     Tuskegee denies the allegations contained in paragraph 35, and demands strict proof thereof.

36.     Tuskegee denies the allegations contained in paragraph 36, and demands strict proof thereof.

37.     Tuskegee denies the allegations contained in paragraph 37, and demands strict proof thereof.

38.     Tuskegee denies the allegations contained in paragraph 38, and demands strict proof thereof.

39.     Tuskegee denies the allegations contained in paragraph 39, and demands strict proof thereof.

40.     Tuskegee denies the allegations contained in paragraph 40, and demands strict proof thereof.

41.    Tuskegee denies the allegations contained in paragraph 41, and demands strict proof thereof.

42.    Tuskegee denies the allegations contained in paragraph 42 and demands strict proof thereof.

Tuskegee denies the Plaintiff's demand for damages and all allegations contained in the un-numbered paragraph after paragraph 42 and demands strict proof thereof.

**COUNT II**
**Suppression §6-5-102**

43.    Tuskegee denies the allegations contained in paragraph 43, and demands strict proof thereof.

44.    Tuskegee denies the allegations contained in paragraph 44, and demands strict proof thereof.

45.    Tuskegee denies the allegations contained in paragraph 45, and demands strict proof thereof.

46.    Tuskegee denies the allegations contained in paragraph 46, and demands strict proof thereof.

47.    Tuskegee denies the allegations contained in paragraph 47, and demands strict proof thereof.

48.    Tuskegee denies the allegations contained in paragraph 48, and demands strict proof thereof.

49.    Tuskegee denies the allegations contained in paragraph 49, and demands strict proof thereof.

50.     Tuskegee denies the allegations contained in paragraph 50, and demands strict proof thereof.

51.     Tuskegee denies the allegations contained in paragraph 51, and demands strict proof thereof.

52.     Tuskegee denies the allegations contained in paragraph 52, and demands strict proof thereof.

53.     Tuskegee denies the allegations contained in paragraph 53, and demands strict proof thereof.

Tuskegee denies that Plaintiffs' demand for damages and all allegations contained in the un-numbered paragraph after paragraph 53, and demands strict proof thereof.

**COUNT III**
**Breach of Contract Against Thompson Facilities Services**

54.     Tuskegee denies the allegations contained in paragraph 54 and demands strict proof thereof.

55.     Tuskegee denies the allegations contained in paragraph 55 and demands strict proof thereof.

56.     Tuskegee admits the allegations contained in paragraph 56.

57.     Tuskegee admits the allegations contained in paragraph 57.

58.     Tuskegee admits the allegations contained in paragraph 58.

59.     Tuskegee admits the allegations contained in paragraph 59.

60.     Tuskegee admits the allegations contained in paragraph 60.

61.     Tuskegee admits the allegations contained in paragraph 61.

62.     Tuskegee denies the allegations contained in paragraph 62 and demands strict proof thereof.

63.     Tuskegee denies the allegations contained in paragraph 63 and demands strict proof thereof.

Tuskegee denies that Plaintiffs' demand for damages and all allegations contained in the un-numbered paragraph after paragraph 63, and demands strict proof thereof.

## COUNT IV
### Tort of Outrage as against Tuskegee University

64.     Tuskegee denies the allegations contained in paragraph 64, and demands strict proof thereof.

65.     Tuskegee denies the allegations contained in paragraph 65, and demands strict proof thereof.

66.     Tuskegee denies the allegations contained in paragraph 66, and demands strict proof thereof.

67.     Tuskegee denies the allegations contained in paragraph 67, and demands strict proof thereof.

Tuskegee denies that Plaintiffs' demand for damages and all allegations contained in the un-numbered paragraph after paragraph 67, and demands strict proof thereof.

## COUNT V
### Negligence

68.     Tuskegee denies the allegations contained in paragraph 68, and demands strict proof thereof.

69.     Tuskegee denies the allegations contained in paragraph 69, and demands strict proof thereof.

70.     Tuskegee denies the allegations contained in paragraph 70, and demands strict proof thereof.

71.     Tuskegee denies the allegations contained in paragraph 71, and demands strict proof thereof.

72.     Tuskegee denies the allegations contained in paragraph 72, and demands strict proof thereof.

Tuskegee denies that Plaintiffs' demand for damages and all allegations contained in the un-numbered paragraph after paragraph 72, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against defendant upon which relief can be granted.

### SECOND DEFENSE

Tuskegee pleads the defense of contributory negligence. Plaintiff, in whole or in part, engaged in conduct constituting contributory negligence which proximately caused or contributed to the injuries alleged in this case.

### THIRD DEFENSE

Plaintiff failed to comply with Rule 9 of the Alabama Rules of Civil Procedure concerning the fraud and suppression claims.

## FOURTH DEFENSE

Plaintiff assumed the risk of the injuries alleged in this case.

## FIFTH DEFENSE

Tuskegee pleads the general issue and says it is not liable for the matters alleged against it in the Complaint.

## SIXTH DEFENSE

No action of Tuskegee proximately caused any injuries allegedly suffered by Plaintiff. Plaintiff's alleged injuries and damages were caused by intervening, superseding proximate causes unrelated to any act of Tuskegee.

## SEVENTH DEFENSE

Plaintiff alleged injuries and damages were not foreseeable by Tuskegee and were pre-existing injuries.

## EIGHTH DEFENSE

Plaintiff failed in whole or in part to mitigate her damages.

## NINTH DEFENSE

Plaintiff claims are barred by the statute of limitations.

## TENTH DEFENSE

Plaintiff's claims for punitive damages are limited by the provisions of § 6-11-20 and § 6-11-21 of the Code of Alabama.

## ELEVENTH DEFENSE

Plaintiff's claims for punitive damages in this case are unlawful in that this defendant has not consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to plaintiff.

**TWELFTH DEFENSE**

Plaintiffs' claims for punitive damages are unconstitutional pursuant to the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution of Alabama in that:

(a) The statutory and common law of the State of Alabama does not effectively prevent the imposition of grossly excessive or arbitrary punishments on an alleged tortfeasor;

(b) Alabama's procedures for the imposition of punitive damages do not ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to plaintiff and to the general damages recovered;

(c) Alabama's procedures for the imposition of punitive damages pose an acute danger of arbitrary deprivation of property;

(d) Alabama's procedures for the imposition of punitive damages bear no reasonable relation to the degree of reprehensibility of defendant's conduct;

(e) Alabama's procedures for the imposition of punitive damages allow punishment of conduct that may have been lawful in the forum where it occurred;

(f) Alabama's procedures for the imposition of punitive damages improperly consider defendant's dissimilar acts, independent from the acts upon which liability was premised;

(g) Alabama's procedures for the imposition of punitive damages allow for the assessment of civil penalties far in excess of comparable criminal penalties for allegedly wrongful conduct without the benefit of heightened procedural safeguards.

**THIRTEENTH DEFENSE**

Venue is improper.

**FOURTEENTH DEFENSE**

The award of mental anguish damages in this case would violate the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution because (a) there are no fixed standards for the ascertainment of such damages; (b) there is no reasonable limit to the amount of an award; (c) the standards for a measurement of mental anguish damages are unconstitutional and vague.

**FIFTEENTH DEFENSE**

Any award of damages in this case for emotional distress and mental anguish would be improper and unconstitutional, as there are no procedural safeguards for the imposition of such damages, and such damages are left to the standardless discretion of the jury.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of unclean hands and *in pari delicto.*

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, judicial estoppel, collateral estoppel, laches, and/or *res judicata.*

**EIGHTEENTH DEFENSE**

Plaintiff failed to join an indispensable party under Alabama Rule of Civil Procedure.

**NINETEENTH DEFENSE**

Plaintiff cannot state a *prima facie* case under any theory of liability.

### TWENTIETH DEFENSE

Tuskegee pleads the statute of frauds as a defense.

### TWENTY-FIRST DEFENSE

Tuskegee pleads the defense of prescription.

### TWENTY-SECOND DEFENSE

Tuskegee pleads consent as a defense.

### TWENTY-THIRD DEFENSE

Tuskegee pleads accord and satisfaction.

### TWENTY-FOURTH DEFENSE

Plaintiff does not have standing and is not a proper party to this action.

## TUSKEGEE'S CROSS-CLAIM AGAINST THOMPSON

Comes now Tuskegee University, by and through its undersigned counsel and files this Cross-claim against Thompson and alleges the following:

1.      Tuskegee University, Defendant/Cross-claim Plaintiff (hereinafter referred to as "Tuskegee") is a Private educational facility located in Macon County, Alabama.

2.      Thompson Facilities Services, LLC (herein referred to as Thompson) is a Delaware Limited Liability Company with its principal place of business in Virginia. Thompson does business, by agent, in Macon County, Alabama.

3.      Tuskegee has been sued by Plaintiff Buckeridge.  Plaintiff alleged that she suffered damages as a result of the condition of her dormitory room when she was a student at Tuskegee.

4.      On or about November 27, 2012, Tuskegee entered into a contract with Thompson for Management Services for the buildings on Tuskegee University's campus.

5.      Pursuant to the contract, Thompson Facilities Services, LLC was to provide facilities management service for all building on Tuskegee University's campus, including residence halls.

6.      Thompson Facilities Management Services to be performed at Tuskegee included: (1) custodial/housekeeping, (2) landscaping, gardening, mowing and grounds maintenance, (3) plant operations and maintenance and event support services.

7.      Thompson developed a work order system that provided a mechanism for Tuskegee staff and students to make maintenance request for service work.  Thompson was required to timely respond, correct and complete maintenance requests.

8.     Thompson failed to maintain the buildings in such a manner that provided for the health and safety of its occupants.

9.     Thompson failed to properly repair and resolve maintenance problems that occurred in buildings at Tuskegee University, including Younge Hall.

10.    Tuskegee's contract with Thompson required Thompson to provide general liability insurance in the amount of $1,000,000/$2,000,000 and name Tuskegee as an additional insured.  Thompson was required to provide insurance in such form and with such companies that the University finds reasonably acceptable in all respects.

11.    Thompson did not provide to Tuskegee insurance as required in their contract.

## COUNT I
## Indemnity and Defense Claims

12.    Tuskegee incorporates paragraphs 1-11 of the cross-claim, as though they were set out here in full.

13.    Tuskegee asserts that it is entitled to indemnification and defense according to the terms of the written contract executed on November 27, 2012 between Tuskegee and Thompson, requiring Thompson to indemnify, defend and hold harmless Tuskegee for all losses, damages or expenses, including reasonable attorney's fees, arising out of or resulting from claims or actions for bodily injury, death, sickness, property damage or other injury or damages caused by any negligent act or omission of Thompson.

14.    Tuskegee asserts that Thompson was responsible for the maintenance, upkeep and condition of the dormitory room where Plaintiff resided.

15.    Thompson has received notice of the underlying litigation and has been provided notice of Tuskegee's claim for indemnity and defense.  Thompson has not provided indemnity and a defense to Tuskegee.

16.    Tuskegee will incur substantial cost, damages, expenses and attorney's fees in defense of this case.

Wherefore, Tuskegee demands judgment against Thompson for all sums that may be assessed against Tuskegee by Plaintiff and any and all cost incurred by Tuskegee for cost, expenses and attorney's fees.

**COUNT II**
**<u>Breach of Contract</u>**

17.    Tuskegee incorporates paragraphs 1-9 of the cross-claim, as though they were set out here in full.

18.    Tuskegee entered into a contract with Thompson on November 27, 2012 to maintain the facilities at Tuskegee, including all dormitories on Tuskegee University's campus.

19.    Thompson materially breached the contract by failing to:

a.    maintain insurance in such form and with such companies that the University finds acceptable in all respects.

b.    maintain insurance as required by the contract with Tuskegee listed as an additional insured and maintain at least One Million Dollars ($1,000,000) per each occurrence, Two Million Dollars ($2,000,000) aggregate, general liability insurance.

c.    obtain insurance endorsed to designate the University and the Board of Trustees and their respective agents, officers, employees and agents, as

15

additional insureds with respect to liability arising out of performance of Thompson's duties and obligations under the contract.

        d.      provide the University with Certificate of Insurance annually naming the University as an addition insured.

        e.      indemnify, defend and hold harmless Tuskegee from all losses, damages or expenses, including reasonable attorney's fees as a result of claims by Plaintiff.

        f.      maintain the dormitory in which Plaintiff resided in a manner consistent with the requirements of the contract.

        g.      otherwise comply with the terms of the contract.

        h.      maintain, repair and resolve conditions that affect the health, safety and welfare of the Plaintiff.

        i.      take all reasonable precautions to protect the safety of employees, students and other persons and to protect property from damage.

20. As a result of Thompson actions, Tuskegee has been damaged as follows:

        a.      Tuskegee has been sued by Plaintiff for damages; and is subject to any judgment obtained by Plaintiffs against Tuskegee;

        b.      Tuskegee has and will continue to incur cost, and attorney's fees defending this action and seeking insurance coverage;

        c.      Tuskegee has not received the proceeds from the contract as bargained for;

      d.     Tuskegee has and will continue to incur cost and attorney's fees in the prosecution of this claim;

      e.     Tuskegee has otherwise been injured and damaged.

     Wherefore, Tuskegee demands judgment against Thompson for compensatory and punitive damages in an amount to be determined by a jury.

**COUNT III**
**Fraudulent Suppression**

21.    Tuskegee hereby incorporates paragraphs 1-20 of the cross-claim as though they are set out here in full.

22.    Thompson entered into a contract with Tuskegee on November 27, 2012.

23.    As a material part of the contract, Thompson was required to maintain a minimum of $1,000,000 in general liability insurance for its facility management services with the University and name Tuskegee as additional insured under its insurance policy.

24.    Thompson failed to disclose and fraudulently suppressed the following: a) Thompson's 2018 insurance policy with National Union Fire Insurance Company had a $1,000,000, self-insured retention, (retained limit) b) Tuskegee was not named as an additional insured on insurance policy obtained by Thompson, c) Insurance coverage maintained by Thompson did not cover Tuskegee until after the $1,000,000 self-insured retention (retained limit) has been paid, and d) Thompson was not listed as a named insured on the declaration pages for insurance with National Union Fire Insurance Company, which was to provide coverage to Tuskegee as an additional insured.

25.    Thompson had a duty to disclose the suppressed information to Tuskegee.

26.     As a result of Thompson's fraudulent suppression, Tuskegee was damaged as alleged in paragraph 20 of the cross-claim.

Wherefore, the above and other premises considered, Tuskegee demands judgment against Thompson for compensatory and punitive damages in an amount to be determined by the jury.

Respectfully submitted,

*Stanley F. Gray*
Stanley F. Gray (GRA053)
Gray, Langford, Sapp, McGowan,
 Gray, Gray & Nathanson, P. C.
Post Office Box 830239
Tuskegee, Alabama  36083-0239
(334) 727-4830 Telephone
(334) 727-5877 Facsimile

**Attorney for Defendant/Cross-Claim Plaintiff Tuskegee University**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day filed the forgoing using the court's CM/ECF system which will electronically send notification to the following counsel of record on this the **25**th day of **November, 2020**:

Tiffany Johnson Cole, Esq.
Robert Simms Thompson, Esq.
LAW OFFICES OF ROBERT SIMMS
   THOMPSON, PC
P.O. Box 830780
Tuskegee, Alabama 36083

Rebecca A. Young
WILSON ELSER MOSKOWITZ
   EDELMAN & DICKER, LLP
1500 Urban Center Drive, Suite 450
Vestavia Hills, Alabama 35242

/s/ Stanley F. Gray
**OF COUNSEL**
